## S12A0277. ENNIS v. ENNIS.

(725 SE2d 311)

HUNSTEIN, Chief Justice.

We granted Gail Burgess Ennis's (Wife) application for interlocutory review on January 18, 2011, to determine whether the trial court erred by denying her motion to dismiss for lack of personal jurisdiction. Finding that the Wife did not have sufficient "minimum contacts" within the State of Georgia, we hold that the trial court does not have personal jurisdiction over the Wife. The trial court does, however, have jurisdiction over the res of the marriage under OCGA § 19-5-2. Accordingly, we affirm in part and reverse in part.

Appellee Robert Sheldon Ennis (Husband) filed this action for divorce on June 28, 2010 seeking divorce, alimony, division of marital property, and attorney fees. Husband relies solely on Georgia's long-arm statute, OCGA § 9-10-91 (5), for personal jurisdiction over Wife. Wife answered on August 20, 2010, raising lack of personal

jurisdiction as her first affirmative defense. She also filed a motion to dismiss for lack of personal jurisdiction.

The parties were married on June 16, 1973 in Richmond, Virginia. The couple lived in Georgia for approximately 18 months in the mid-1980s, but did not own a home here. The couple returned to Georgia in 1996 and lived in Bogart, Georgia and then Savannah, Georgia. However, they did not own property in either location. The couple then moved to Richmond, Virginia in the fall of 2003, where Wife remains. The couple separated in 2005 after an episode of domestic violence, which caused Wife to leave the home and Husband to receive mental health treatment. Though Husband returned to Georgia in April 2005, Wife has had no contact with him since their separation. Wife has never owned property in Georgia. She has visited Georgia twice since the separation: once to deliver Husband's belongings and once to visit her stepdaughter for two days. She did not have any contact with Husband during either trip.

1. Georgia's long-arm statute is Husband's sole basis for arguing that the court has personal jurisdiction over Wife. See OCGA § 9-10-91 (5). Georgia's long-arm statute states that a court may exercise personal jurisdiction over a nonresident with respect to proceedings for divorce if the nonresident "maintains a matrimonial domicile in this state at the time of the commencement of this action or, *if the defendant resided in this state preceding the commencement of the action*, whether cohabiting during that time or not." Id. (Emphasis supplied.) This Court has set forth a three-part test for "minimum contacts" needed to confer personal jurisdiction over a nonresident. *Smith v. Smith*, 254 Ga. 450, 453 (3) (330 SE2d 706) (1985). The test requires that: (1) the nonresident must purposefully avail herself of the privilege of doing some act or consummating some transaction with or in the forum; (2) the plaintiff must have a legal cause of action against the nonresident that arises out of activities of the defendant within the forum; and (3) if the first two prongs are met — a "minimum contact" between the nonresident and the forum exists — then "the assumption of jurisdiction must be found to be consonant with the due process notions of 'fair play' and 'substantial justice.' " *Smith*, 254 Ga. at 453. (Citation omitted.) The applicability of the long-arm statute must be assessed on a case-by-case basis, and there must be a substantial connection between the nonresident's activities in the forum and the subject matter of the suit. *Marbury v. Marbury*, 256 Ga. 651, 654-655 (2) (352 SE2d 564) (1987).

Examining the facts of this case, we find there were not sufficient minimum contacts for Wife to "reasonably anticipate being haled into court" in Georgia. *Marbury*, supra, 256 Ga. at 654. (Citation and punctuation omitted.) Wife has not lived in Georgia

since 2003. Wife does not own any property in Georgia and has not transacted any business in Georgia since 2003. The last marital domicile was in Richmond, Virginia, and the circumstances giving rise to the dissolution of the marriage occurred in Virginia. Wife's only connection with Georgia has been brief visits during which she had no contact with Husband. Since the first two prongs of the test have not been met, the court below does not have personal jurisdiction over the Wife. Accordingly, the trial court improperly denied Wife's motion to dismiss the issues related to alimony, division of marital property, and attorney fees.

2. Nevertheless, a Georgia court does not need personal jurisdiction over the Wife to grant the divorce. *Abernathy v. Abernathy*, 267 Ga. 815, 816 (1) (482 SE2d 265) (1997). OCGA § 19-5-2 entitles the Husband to gain access to Georgia courts for the purpose of dissolving his marriage so long as he has lived in the state for at least six months. Id. Since he returned to the state in 2005, Husband meets this residency requirement. Therefore, the trial court did not err in denying the Wife's motion to dismiss the divorce proceeding, and the trial court has jurisdiction to grant a divorce.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 24, 2012.

Arnold, Stafford & Randolph, Tyler L. Randolph, for appellant.
Johnson, Kraeuter & Dunn, Robert S. Kraeuter, for appellee.